**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

MIGUEL ANDRES NATHANAEL TUM
MEJIA,

                    Petitioner,

          v.

JOHN TSOUKARIS, *et al.*,

                    Respondents.

Civil Action No. 26-3264 (JXN)

**MEMORANDUM AND ORDER**

**NEALS**, District Judge

Before the Court is Petitioner Miguel Andres Nathanael Tum Mejia's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his continued detention by immigration authorities without an individualized bond hearing (Habeas Pet., ECF No. 1) and Respondents' ("Respondents" or "Government") letter response (Resp., ECF No. 5).

Petitioner, a citizen of Guatemala, entered the United States without inspection in May 2021. (*Id.* at 1.) On March 7, 2026, Immigration Customs and Enforcement ("ICE") agents arrested and detained Petitioner. (*Id.*) Following Petitioner's arrest and detention by ICE, he has not been afforded an individualized bond hearing because he is purportedly being held in mandatory detention under 8 U.S.C. § 1225(b)(2). (*Id.* at 1–2.)

On March 31, 2026, the Court ordered the Government to file an answer. (*See* Order, ECF No. 3.) On April 3, 2026, the Government filed a letter response. (Resp.)

The Petition contends that Petitioner's detention is unlawful. (*See generally* Habeas Pet.) The Government does not dispute the salient facts and acknowledge that here they assert the same

position they have in many other similar cases in this District, including the position they took before this Court in the recent matter *Fuentes Velasquez v. Noem*, No. 25-16797, 2025 WL 3653657 (D.N.J. Dec. 17, 2025). In *Fuentes Velasquez*, Respondents argued the Department of Homeland security ("DHS") has implemented a new policy interpreting the Immigration and Nationality Act ("INA") § 235, 8 U.S.C. § 1225(b)(2)(A), to require mandatory detention of noncitizens who entered the United States without admission or inspection and to render them ineligible for release on bond, a position that the Board of Immigration Appeals recently adopted in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). *See Fuentes Velasquez*, 2025 WL 3653657 at * 2.

In *Fuentes Velasquez*, this Court rejected *Hurtado's* interpretation of 8 U.S.C. § 1225(b)(2). *See generally id.* The Court rejected the contention that § 1225(b)(2) provides the authority to mandatorily detain noncitizens who have resided within the United States for a considerable period simply because they were not admitted or paroled upon inspection at the border. *See id.* The Court held that Fuentes Velasquez was unlawfully held in mandatory detention under § 1225(b)(2) and could only be properly detained under the discretionary authority of 8 U.S.C. § 1226(a). *See id.*[1]

Based on this Court's statutory interpretation in *Fuentes Velasquez*, the Court finds the facts asserted in the Petition establish that Petitioner cannot be mandatorily detained under § 1225(b)(2) as he has resided in the United States for several years after entry without admission

---

[1] *See also Fajardo -Nugra v. Soto*, No. 26-975, 2026 WL 579192, at *1 (D.N.J. Mar. 2, 2026) (holding petitioner's continued detention under 8 U.S.C. § 1225(b)(2) unlawful); *Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445, at *3–4 (D.N.J. Nov. 21, 2025); *Hueso v. Soto*, No. 26-1455, 2026 WL 539271, at *2–4 (D.N.J. Feb. 26, 2026); *Tyagi v. Soto*, No. 26-962, 2026 WL 478184, at *1–2 (D.N.J. Feb. 20, 2026).

2

or parole, and his continued detention under that statute is unlawful. Petitioner's § 2241 Petition must therefore be granted.

The Government argues that if the Court finds that § 1225(b)(2) does not apply to Petitioner—which it has—a bond hearing under § 1226(a) is the only remedy available to Petitioner. (Resp. at 2.) Although Petitioner may be lawfully subject to detention under 8 U.S.C. § 1226(a), "the Government did not attempt to follow the requirements of that statute in taking him into custody, nor have they used that statute as a basis for his detention, nor have they provided him the bond hearing to which he is entitled under that statute." *Fajardo-Nugra v. Soto*, No. 26-975, 2026 WL 579192, at *1 (D.N.J. Mar. 2, 2026). The Court will not correct the Government's unlawful application of § 1225(b)(2) and detention of Petitioner by converting Petitioner's detention to "potentially lawful alternate form under a different statute with different procedural requirements and rules." *Id.* at *2 (granting Petitioner's habeas petition and ordering Petitioner's release based on the Government's flawed application of § 1225(b)(2)). The Government detained Petitioner unlawfully under § 1225(b)(2), and the Court has found that he is not subject to detention under that statute. Therefore, the Government shall release Petitioner from custody. Accordingly,

**IT IS**, on this 7th day of April 2026,

**ORDERED** that the Petition (ECF No. 1) is **GRANTED**; it is further

**ORDERED** that Respondents shall **RELEASE** Petitioner from immigration detention within twenty-four (24) hours of the entry of this Memorandum and Order, under the same conditions, if any, that existed prior to his detention; it is further

**ORDERED** that Respondents shall return to Petitioner all personal property belonging to Petitioner – including but not limited to, any driver's license, passport, immigration documents, currency, or cellphone – that was seized at the time of detention and that is currently in their

3

custody, possession, or control, whether maintained directly by Respondents or by any contracted or affiliated facility, and that such property shall be returned in the same condition as it existed immediately prior to Petitioner's detention; it is further

**ORDERED** that within **three (3) days** of the date of entry of this Memorandum and Order, Respondents shall file a written notice on the docket confirming Petitioner's release from custody; it is further

**ORDERED** that Respondents are permanently enjoined from detaining Petitioner under 8 U.S.C. § 1225(b)(2), which the Court has found inapplicable to him; it is further

**ORDERED** that Respondents shall not arrest, detain, or otherwise take Petitioner into custody under 8 U.S.C. § 1226(a) for a period of 14 days following his release, so as to ensure full effectuation of this Court's judgment and to prevent circumvention of the relief granted; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Memorandum and Order upon the parties electronically and **CLOSE** the case.

JULIEN XAVIER NEALS
United States District Judge

4